UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

EMMANUEL LOPEZ,

              Plaintiff,

    v.

COUNTY OF SAN JOAQUIN, a California municipal corporation; PETER DEVENCENZI; GENEVIEVE VALLOTTON; PHIRUN VAR; and DOES 1 through 100,

              Defendants.

No. 2:25-cv-03564 WBS JDP

MEMORANDUM AND ORDER RE: DEFENDANT'S MOTION TO DISMISS

----oo0oo----

        This action originated from a series of gang-related shootings between September and December 2015 in Stockton, California.  (Docket No. 1 Ex. A ("Compl.") at 7.)  Plaintiff Emmanuel Lopez is an individual and resident of Los Angeles County, California.  (Id. at 5.)  Defendants Peter Devencenzi and Genevieve Vallotton were, at the times relevant to this action, Deputy District Attorneys for the County of San Joaquin.  (Id. at 6.)

1

Plaintiff alleges defendants knew that he did not commit any of the crimes that occurred during these shootings. (Id. at 6-7.)  Yet, plaintiff claims, that did not deter defendants from attempting to indict him via grand jury by violating his constitutional rights.  (Id. at 7.)

Specifically, plaintiff brings the following claims: (1) a claim against the County, Devencenzi and Vallotton, and Does 1 through 50 for violation of California Civil Code § 52.1; (2) a claim against all defendants for use of fabricated evidence;[1] (3) a claim against all defendants for negligence; and (4) a claim against all defendants for false imprisonment and false arrest.  (Docket No. 1 at 11-14.)  Defendants now move to dismiss the complaint.  (Docket No. 4.)[2]

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal when the plaintiff's complaint fails to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6). The inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the complaint has stated "a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Further, an affirmative

---

[1]   In their Notice of Removal (Docket No. 1) and instant motion (Docket No. 4-1 at 5), defendants point out that there is no basis for this claim under state law, and that it must be brought pursuant to 42 U.S.C. § 1983, which plaintiff appears to concede.  (See Docket No. 13 at 30.)  Accordingly, the court evaluates plaintiff's use of fabricated evidence claim under the federal, constitutional standard.

[2]   Because plaintiff's counsel was unavailable for oral argument on the date set, the motion was taken under submission and will be decided on the papers.

2

defense may be raised by motion to dismiss when "the defense raises no disputed issues of fact." Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984). "In other words, dismissal based on an affirmative defense is permitted when the complaint establishes the defense." U.S. Commodity Futures Trading Comm'n v. Monex Credit Co., 931 F.3d 966, 973 (9th Cir. 2019) (emphasis in original).

I.   Claims Against Devencenzi and Vallotton

Defendants seek dismissal of plaintiff's claims against Devencenzi and Vallotton on various grounds, including prosecutorial immunity. (See generally Docket Nos. 4, 13, 19.) Because the court finds that Devencenzi and Vallotton are entitled to prosecutorial immunity for both plaintiff's state and federal claims, it need not address the remainder of the parties' dispute regarding those claims.[3] See, e.g., Peterson v. Sutter Med. Found., 615 F. Supp. 3d 1097, 1107 (N.D. Cal. 2022), aff'd, No. 23-2911, 2025 WL 1823959 (9th Cir. July 2, 2025) (because defendants "[we]re entitled to prosecutorial or quasi-judicial immunity," there was "no need to address the adequacy of the claims" against them).

As a preliminary matter, the court notes that plaintiff brings both federal and state law claims.  Neither party mentions

---

[3]   This court recently granted defendants' motion to dismiss in a related case concerning the same incident, finding that Devencenzi and Vallotton were entitled to absolute prosecutorial immunity pursuant to 42 U.S.C. § 1983. Lopez v. Cnty. of San Joaquin, No. 2:25-cv-1792 WBS CSK, 2025 WL 3539092 (E.D. Cal. Dec. 10, 2025).  Some of what follows is reiterative of the court's earlier analysis, with additional analysis relevant to the novel claims in the instant action.

3

-- much less discusses -- whether the prosecutorial immunity analysis differs in the context of state law claims.  Cf. Garmon v. Cnty. of Los Angeles, 828 F. 3d 837, 842-48 (9th Cir. 2016) (separately analyzing "Federal Prosecutorial Immunity" and "State Immunity"); Gatt v. Gascon, No. 2:24-cv-2740 FLA AGRX, 2025 WL 4058861 (C.D. Cal. Sept. 5, 2025) (differentiating between prosecutorial immunity in the federal and state law contexts).  This glaring oversight notwithstanding, the court will conduct its own analysis.

As a defense to federal claims, absolute immunity "appl[ies] with full force" to actions of prosecutors that are "intimately associated with the judicial phase of the criminal process."  Imbler v. Pachtman, 424 U.S. 409, 430 (1976).  These actions include ones undertaken "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [the prosecutor's] role as an advocate for the State," such as the assembly and presentation of evidence "before a grand jury after a decision to seek an indictment has been made."  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

"Intent should play no role in the immunity analysis."  Ashelman v. Pope, 793 F. 2d 1072, 1078 (9th Cir. 1986) (en banc); see also Imbler, 424 U.S. at 427 (acknowledging that absolute prosecutorial immunity could "leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.").  As such, the Supreme Court and Ninth Circuit have found that federal absolute immunity shields prosecutors who knowingly use false testimony and suppress exculpatory evidence at trial, Imbler, 424

4

U.S. at 431; conspire with a judge to "predetermine the outcome of a judicial proceeding," Ashelman, 793 F. 2d at 1078; and evaluate a witness in a manner that is "harsh, unfair or clouded by personal animus," Roe v. City & Cnty. of San Francisco, 109 F.3d 578, 584 (9th Cir. 1997).

Devencenzi and Vallotton's actions are covered by absolute immunity as against plaintiff's federal claim, regardless of the intent governing their actions, see Ashelman, 793 F. 2d at 1078.  Regarding whether Devencenzi and Vallotton failed to disclose exculpatory evidence and knowingly used false testimony, the Ninth Circuit has established that federal absolute immunity extends to "the knowing use of false testimony at trial" and "the suppression of exculpatory evidence." Milstein v. Cooley, 257 F.3d 1004, 1008 (9th Cir. 2001); see also Imbler, 424 U.S. at 431.  This immunity applies equally to such conduct when undertaken before a grand jury.  See Herb Hallman Chevrolet, Inc. v. Nash-Holmes, 169 F.3d 636, 643 (9th Cir. 1999) (citing Burns v. Reed, 500 U.S. 478, 490 n.6 (1991)).

Devencenzi and Vallotton are likewise entitled to California's statutory prosecutorial immunity, which has been found to be "at a minimum, coextensive with the absolute immunity shielding prosecutors from § 1983 liability." Colonies Partners LP v. Cnty. of San Bernardino, No. 18-cv-420 JGB SHK, 2018 WL 6137147, at *12 (C.D. Cal. Oct. 2, 2018).  Prosecutorial immunity under California law is codified at California Government Code Section 821.6, which provides that "[a] public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his

employment, even if he acts maliciously and without probable cause."  Cal. Govt. Code. § 821.6.

As with federal prosecutorial immunity, the California statutory immunity analysis is function-based and turns on conduct rather than theory.  See Gibson v. City of Portland, 165 F. 4th 1265, 1280 (9th Cir. 2026) ("[Federal prosecutorial] immunity turns on the nature of the function performed . . . and is activity-based." (internal citation and quotation marks omitted)); Colonies, 2018 WL 6137147, at *12 ("[I]n order to determine whether § 821.6 immunity applies, [the court] must look to the conduct from which the claim arises, not merely the cause of action under which the claim is pled."); Robicheaux v. Cnty. of Orange, 750 F. Supp. 3d 1161, 1169 (C.D. Cal. 2024) ("[Section 821.6] immunity extends to any behavior that falls within the common law meaning of malicious prosecution.")

The Supreme Court of California recently clarified the scope of Section 821.6 in Leon v. Cnty. of Riverside, 14 Cal. 5th 910 (2023), in holding that immunity did not apply to investigatory activities independent of formal proceedings.  Id. at 915.  Nonetheless, the court maintained that Section 821.6 "conferred absolute immunity against claims based on injuries caused by wrongful prosecutions," and that when this immunity applies, it "is broad in the sense that it applies to every [tortious or wrongful prosecution] claim whether formally labeled as a claim for malicious prosecution or not."  Id. at 928.  The Leon court ultimately rejected the defendants' immunity arguments because the plaintiff "claim[ed] no harm resulting from the institution or prosecution of judicial or administrative

proceedings." Id. at 920.

Here, all of plaintiff's harm is traceable to "the institution or prosecution of judicial or administrative proceedings," namely his grand jury indictment. Plaintiff refers to four instances of injurious conduct relevant to his claims, all of which are described as results of the "indictment against [plaintiff] before the Grand Jury" (See Compl. at 8-10.) The complaint is permeated with descriptions of activity which can only be described as prosecutorial: defendants acted "[i]n preparation for the hearing," they "elicited testimony . . . before the Grand Jury," "continued with charges against [plaintiff]" and "proceeded to prosecute [him]." (Compl. at 8-11.) Plaintiff's attempt to circumvent immunity through strategic claim-labeling is thus unsupported by the complaint, whose factual predicate rests entirely on defendants' prosecutorial conduct in connection with grand jury proceedings.

Accordingly, because Devencenzi and Vallotton are entitled to both federal and state prosecutorial immunity for their actions, the court will dismiss plaintiff's claims against them.

II.  Claims Against the County

Plaintiff also names the County as a defendant to all four claims. However, the complaint makes no effort to plead liability of the County under Monell v. Department of Social Services, 436 U.S. 658 (1978) on plaintiff's federal claims. Rather the complaint only provides one basis for liability against the County: in his third claim, plaintiff alleges the County "is vicariously liable for the acts of" defendants.

7

(Compl. at 13.)

California Government Code § 815.2(a) does provide respondeat superior liability against public entities for "injury proximately caused by an act or omission of an employee" of that entity.  Cal. Gov't Code § 815.2(a).  But as defendants point out, this liability is cabined by Section 815.2(b), which states that "a public entity is not liable . . . where the employee is immune from liability."  Cal. Gov't Code § 815.2(b).

Correspondingly, courts have consistently held that public entities cannot be held vicariously liable when the underlying employee conduct is statutorily immune.  See, e.g., Asgari v. City of Los Angeles, 15 Cal. 4th 744, 752 n.5 (1995) ("Section 815.2, subdivision (b), provides derivative immunity for the public entity[.]"); Jones v. Cnty. of Los Angeles, No. 11-cv-2851 SJO VBKX, 2012 WL 12844754, at *13 (C.D. Cal. 2012) (finding that "municipal County Defendants are . . . immune pursuant to [Section 815.2(b)]" after finding immunity for individuals' conduct); Gillan v. City of San Marino, 147 Cal. App. 4th 1033, 1050 (2007) ("Individual defendants are immune from liability [under Section 821.6] . . . [t]he city also is therefore immune from liability[.]").  Having found that defendants Devencenzi and Vallotton are entitled to prosecutorial immunity under Section 821.6, the court in turn finds the County likewise immune from liability under Section 815.2(b).

Plaintiff's complaint offers no other theory under which the County may be held liable for the actions of Devencenzi and Vallotton or any other theory for why the County may be held liable independently.  Accordingly, the court will dismiss

plaintiff's claims against the County.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Docket No. 4) be, and the same hereby is, GRANTED. Counts I, II, III, and IV are DISMISSED.[4]

Plaintiff has twenty-one (21) days from the date of this Order to file an amended complaint if he can do so consistent with this Order.

Dated:  March 16, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[4]     The complaint also names Officer Var as a defendant in claims 2, 3, and 4. (Compl. at 11-14.)  However, plaintiff's complaint mentions Var only once, noting merely that he at one point "took a recorded statement" (Id. at 8), and is otherwise devoid of factual allegations as to him.  Plaintiff then names Var in his claims, recites the applicable legal standard, and baldly asserts that "as a result of [his] conduct, [plaintiff] was harmed."  (Compl. at 11-14.)  This generalized claim language, unsupported by any factual specificity whatsoever, represents "exactly the type of 'unadorned, the-defendant-unlawfully-harmed-me accusations' that fail to state a claim or meet Rule 8's pleading requirement."  Mendoza v. Amazon.com Services LLC, 2025 WL 2257483, at *3 (E.D. Cal. Aug. 7, 2025) (citing Iqbal, 566 U.S., at 678).  Accordingly, the complaint will be dismissed as against defendant Var as well.

9